UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mirl Brach,<br>individually and on behalf of all others similarly situated,<br>                              Plaintiff(s)<br>  -v.-<br>Michael Harrison, Attorney at Law,<br>                              Defendant(s). | Case No: 7:23-cv-2480<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiff Mirl Brach ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against the Defendant Michael Harrison, Attorney at Law ("Harrison" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

    1.      The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

    2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the Collection Action (described below) was served here, the collection communications are sent here, Plaintiff resides here, and the Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8. Defendant Harrison is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a principal place of business located at 3155 Route 10 East, Suite 214, Denville, New Jersey 07834.

9. Upon information and belief, Defendant Harrison is an attorney that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

   a. with addresses in the State of New York;

   b. against whom the Defendant Harrison commenced collection action(s) in New Jersey despite the fact that no contract(s) for medical service(s) was signed by such individual(s) in New Jersey; and/or

   c. attempting to collect a consumer medical debt that the individual(s) did not owe because of Medicaid coverage;

   d. which collection action(s) was commenced on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf he attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's New Jersey collection actions against consumers that reside in New York,

in the form attached as Exhibit A, despite the fact that no contract(s) for medical service(s) was signed in New Jersey and/or Medicaid coverage preclusion, violate 15 U.S.C. §§ 1692e,1692f and/or 1692i.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's New Jersey collection actions against consumers that reside in New York, in the form attached as Exhibit A, despite the fact that no contract(s) for medical service(s) was signed in New Jersey and/or Medicaid coverage preclusion, violate 15 U.S.C. §§ 1692e,1692f and/or 1692i.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats the above allegations as if set forth here.

20.     Some time prior to February 21, 2023, Plaintiff allegedly incurred an obligation to non-party Bergen Anesthesia Group ("BAG").

21.     This alleged debt was incurred as a financial obligation that was primarily for personal, family, or household purposes, specifically medical services, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

22.     BAG is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

23.     According to the Collection Action complaint received by the Plaintiff, BAG is represented by Defendant to collect the alleged debt.

24.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – Collection Action*

25.     On or about February 21, 2023, Defendant commenced a collection lawsuit concerning the debt in the Superior Court of New Jersey, Bergen County Special Civil Part, entitled *Bergen Anesthesia Group v. Brach, Mirl*, Docket Number BER-DC-001873-23 ("Collection Action"), and served the Plaintiff by mail at her address located in New York. A true and accurate copy of the Collection Action pleadings is **attached as Exhibit A**.

26.     At the time that the Collection Action was filed, and at all relevant times herein, Plaintiff was/is a resident of Orange County, New York.

27.     At the time that the Defendant filed the Collection Action, Defendant was well aware that Plaintiff was not a resident of New Jersey since the Plaintiff specifically requested leave from

the Superior Court of New Jersey to serve the Plaintiff by Certified and Fist Class mail in New York at the time that the Collection Action was commenced.

28. Furthermore, Plaintiff never signed a contract for medical services giving rise to the debt in New Jersey.

29. Accordingly, Defendant filed the Collection Action in a state in which the Plaintiff did not reside or sign the contract sued upon in.

30. Upon information and belief, it is Defendant's policy and practice to file collection lawsuits against New York residents in New Jersey under similar circumstances of improper venue. *See e.g.., Safia Begum v. Michael Harrison*, 2:20-cv-13321-ESK, Dkt. 1 (DNJ 2020) (putative class action complaint filed against Michael Harrison alleging at least 30 instances of collection actions being filed in the improper venue of New Jersey in violation of the FDCPA).

31. Moreover, Plaintiff disputes the amount alleged as owed in the Collection Action.

32. Specifically, Plaintiff disputes the "$8,640.00 goods sold and delivered and/or services rendered" amount as set forth in the Collection Action because the Plaintiff provided proof of Medicaid insurance at all relevant times from when the debt was incurred to the present.

33. Upon information and belief, the Medicaid insurance coverage precludes Defendant's collection and Collection Action.

34. Alternatively, even if not absolutely precluded, Defendant is seeking to collect a medical debt not owed without taking into account medical insurance.

35. Stating, or implying, the amount of "$8,640.00 goods sold and delivered and/or services rendered" despite Medicaid coverage is false and/or deceptive.

36. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

37. Defendant's actions caused the Plaintiff to suspect there was fraud involved with this collection.

38. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

39. Plaintiff was therefore unable to make a payment on the debt.

40. Plaintiff was unable to pay because she does not know what comprises the actual balance.

41. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the amounts stated in the Defendant's Collection Action is incorrect.

42. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

43. Because of this, Plaintiff expended time and money in determining the proper course of action.

44. In reliance on the Collection Action, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds, including but not limited to a money judgment/garnishment.

45. In reliance on the Collection Action, Plaintiff expended time and money in an effort to mitigate the current nuisance, harassment, abuse of process and invasion of privacy caused by the Defendant's commencement of the Collection Action

46. Plaintiff's failure to pay the debt arose from the Collection Action, alone, because the Plaintiff believes it was an attempt to collect monies not owed.

47. The Collection Action caused the Plaintiff reputational harm because its filing is a matter of public record and disseminates to the world that the Plaintiff owes a debt that she does not owe.

48. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, anxiety and restlessness.

49. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

50. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

51. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, harassment, invasion of privacy, nuisance, abuse of process, defamation and conversion.

52. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

53. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

54. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

55. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

56. Defendant's deceptive, misleading, and unfair representations with respect to his collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

57. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

58. Plaintiff was misled to her detriment by the statements in the Collection Action, and relied on the content of the Collection Action to her detriment.

59. As a result of the Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

60. Plaintiff repeats the above allegations as if set forth here.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section by:

    a. threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of § 1692e (5);

    b. falsely representing the character, amount or legal status of the debt in violation of §1692e (2);

    c. using false, deceptive or misleading representation or means in connection with the collection of any debt in violation of §§ 1692e; and

    d. using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10).

64. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68. Defendant violated this section by unfairly representing the character of the debt without regard to duly provided proof of Medicaid insurance and by filing the Collection Action in New Jersey, where the Plaintiff neither resided nor signed a contract for goods/services.

69. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692i *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692i.

72. Pursuant to 15 U.S.C. §1692i(a), "[a]ny debt collector who brings any legal action on a debt against any consumer shall … bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

73. Defendant violated 15 U.S.C. § 1692i(a)(2) by filing the Collection Action in the State of New Jersey in which the consumer neither resided at the time suit was filed nor in which the contract for goods/services was signed.

74. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692i et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mirl Brach, individually and on behalf of all others similarly situated, demands judgment from the Defendant Harrison as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 23, 2023        Respectfully submitted,

                Stein Saks, PLLC

                By: /s/ Robert T. Yusko
                Robert T. Yusko, Esq.
                ryusko@stiensakslegal.com
                One University Plaza, Ste 620
                Hackensack, NJ, 07601
                P. (201) 282-6500
                F. (201) 282-6501

                *Attorneys for the Plaintiff*